# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YANCEY LAMARR WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-821-MJR |
| ) | |
| A. SHERROD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Federal Correctional Institution in Coleman, Florida, brings this action pursuant to 18 U.S.C. § 247 and 42 U.S.C. § 2000bb. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

FACTS ALLEGED

In July 2007, Plaintiff was speaking at a Rastafarian religious service in the chapel. Based on some of his statements, he was removed from the service and placed in segregation on charges of encouraging a group demonstration.[1] At the hearing, the charge was reduced to participation in an unauthorized meeting, for which he was found guilty. On appeal, the regional director reinstated the original charges. The incident report was then rewritten in October 2007.[2]

On or about October 14, 2007, Plaintiff was told that he would not be allowed to serve as a speaker during the Holy of Atonement Program set for the following week.

On or about October 19, 2007, Jennifer Braye sought to review some of Plaintiff's poems that he wished to enter in a talent competition. She found some of his writings to be objectionable and wrote an incident report charging him with making sexual advances towards staff. No further information is provided regarding this incident.

LEGAL CLAIMS

Plaintiff first invokes jurisdiction under 18 U.S.C. § 247. That statute provides that:

> Whoever, in any of the circumstances referred to in subsection (b) of this section--
>
> (1) intentionally defaces, damages, or destroys any religious real property, because of the religious character of that property, or attempts to do so; or

---

[1] According to the incident report, Plaintiff said, "Are we Americans? No. Just because we are born here does not make us Americans. This is a slave ship. No space. Three man rooms. We are packed in like the three stooges. We are brought here to a strange land by the devil. Therefore, who do you think the devil is? We were brought here by our enemy who do you think our enemy is? The white man is 'yakub', the white man is the devil."

[2] It appears that Plaintiff could have been found guilty and punished with the loss of 14 days good conduct credit, 30 days loss of commissary privilege and 90 days in segregation. The complaint is not entirely clear on this point, as Plaintiff later states that the rewritten ticket was expunged in November 2007.

> (2) intentionally obstructs, by force or threat of force, any person in the enjoyment of that person's free exercise of religious beliefs, or attempts to do so;
>
> shall be punished as provided in subsection (d).

18 U.S.C. § 247 (a).

Criminal statutes do not provide for private civil causes of action. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law). Therefore, Plaintiff has no standing to bring an action under 18 U.S.C. § 247, and this claim is dismissed with prejudice.

Plaintiff also invokes jurisdiction under 42 U.S.C. § 2000bb, otherwise known as the Religious Freedom Restoration Act ("RFRA"), which is applicable to federal officers. *O'Bryan v. Bureau of Prisons*, 349 F.3d 399 (7th Cir. 2003). RFRA provides, in pertinent part, that

> (a) Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.
>
> (b) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person-
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1.

Because he relies on RFRA, the Court must assume that Plaintiff is challenging the fact that he has not been allowed to say whatever he wishes to say within the context of religious services that he attends. The basic problem, though, is that he names only Warden Sherrod as a defendant in this action, even though Sherrod was not the individual who prevented him from speaking at these services. The only allegations made against him are that Sherrod denied Plaintiff's appeal regarding

the original outcome of the July 2007 incident report, but that allegation is insufficient to support a claim that Sherrod interfered with Plaintiff's religious freedom.  Thus, Plaintiff has failed to state a claim upon which relief may be granted.

As for the subsequent incident involving Plaintiff's poetry – Braye is not named as a defendant, nor does Plaintiff allege that his poetry had any religious significance.  Again, he has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 28th day of January, 2009.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**